**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SANTIAGO GOMEZ and MICHAEL GONZALEZ,

                        Plaintiffs,

          - v -                             Civ. No. 9:14-CV-1476
                                                  (TJM/DJS)

JEFFERY TEDFORD, *et al*.,

                        Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

SANTIAGO GOMEZ
13-A-2110
Plaintiff, *Pro Se*
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

MICHAEL GONZALEZ
Plaintiff, *Pro Se*
5850 Sundown Cir., Apt. # 211
Orlando, FL 32822

HON. ERIC T. SCHNEIDERMAN              RYAN W. HICKEY, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

On December 8, 2014, *pro se* Plaintiffs Santiago Gomez and Michael Gonzalez, former

inmates at Adirondack Correctional Facility ("Adirondack"), commenced this action pursuant to 42

U.S.C. § 1983, asserting violations of their First, Eighth, and Fourteenth Amendment rights during

their incarceration at Adirondack. Dkt. No. 1, Compl. Defendants moved to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). In a Decision and Order, dated March 31, 2016, the Honorable Thomas J. McAvoy, Senior United States District Judge, granted in part and denied in part Defendants' Motion. Dkt. No. 39, Dec. & Order, dated Mar. 31, 2016. In that Decision and Order, Judge McAvoy denied Defendants' Motion as to Plaintiff Gomez's First Amendment retaliation claims against Defendants Perryman and Woodruff, but granted it in all other respects. Judge McAvoy granted Plaintiffs leave to re-plead the following claims: (1) claims that Defendants exposed Plaintiffs to friable asbestos in violation of the Eighth Amendment; (2) claims that Defendants deprived Plaintiffs of due process and equal protection; and (3) any First Amendment retaliation claims against Defendants Cotter, Payton, and Tedford. *Id.* at p. 20. Presently before the Court is Plaintiffs' Amended Complaint. Dkt. No. 40, Am. Compl. The Court now reviews the Amended Complaint[1] to determine whether Plaintiffs have complied with Judge McAvoy's Decision and Order.

## I. DISCUSSION

### A. Eighth Amendment Claims

Judge McAvoy granted Plaintiffs leave to re-plead their Eighth Amendment claims to the extent that they seek monetary damages on such claims. Dec. & Order at p. 20. The basis of Plaintiffs' Eighth Amendment claims is that Defendants failed to protect Plaintiffs from exposure to friable asbestos during their incarceration at Adirondack. Compl. at ¶¶ 82-85. The Court briefly summarizes Plaintiffs' allegations relevant to their Eighth Amendment claims in the original

---

[1] Plaintiffs attach certain Exhibits to the Amended Complaint, Dkt. No. 40-1, but also request that the Court apply the Exhibits which were attached to the original Complaint, and which Plaintiffs no longer have possession of, to the Amended Complaint. Dkt. No. 41. That request is granted.

Complaint and, for a more complete statement of Plaintiffs' allegations, makes reference to Judge McAvoy's Decision and Order. *See* Dec. & Order at pp. 2-6.

During their incarceration at Adirondack, Plaintiffs allege that they were instructed to use high speed buffers on the vinyl flooring in various housing units. Compl. at ¶¶ 16, 27, & 57. Plaintiffs allege that the vinyl flooring in certain parts of the facility was "severely cracked, damaged, chipped, and broken" and, upon information and belief, contained asbestos. *Id.* at ¶¶ 17, 28, & 56. Plaintiffs claim that the high speed buffers caused dust particles, containing asbestos, to become airborne, which Plaintiffs inhaled. *Id.* at ¶¶ 21 & 56. Plaintiff Gomez further claims that when he was housed in the 2-West housing unit he observed a "large cavity" and "large stress cracks and holes" in the ceiling, "exposed and crumbling" pipes, broken floor tiles, chipped paint, and mold in the showers. *Id.* at ¶ 23. Gomez alleges that the ceiling contained asbestos and claims that he observed airborne dust particles daily from such holes and cracks. *Id.* at ¶¶ 24-25. On July 31, 2014, 2-West was closed for asbestos related work. *Id.* at ¶ 35. Plaintiff Gomez also claims that he observed inmate and civilian maintenance workers drilling into walls and causing asbestos-containing dust to become airborne in both the 2-West and 3-West housing units. *Id.* at ¶¶ 31 & 37. On September 8, 2014, Gomez began employment as a lawn and grounds worker and was sent to the 2-West housing unit. *Id.* at ¶ 62. Gomez observed numerous missing and cracked tiles, ripped up flooring, and holes in the wall, which he believes contained asbestos. *Id.* at ¶¶ 65, 67, & 72-73. Due to his exposure to asbestos, Gomez claims that he experienced shortness of breath, wheezing, and headaches. *Id.* at ¶ 40.

In his Decision and Order, Judge McAvoy stated that the Second Circuit has held that an inmate may state a cognizable Eighth Amendment claim against defendants who knowingly fail to

protect the inmate from exposure to friable asbestos. Dec. & Order at p. 8 (citing *Johnakin v. NYC Dep't of Corrs.*, 2013 WL 5519998, at *17 (Sept. 30, 2013) (quoting *LaBounty v. Coughlin*, 137 F.3d 68, 72 (2d Cir. 1998)). Such a claim is based on the Eighth Amendment "right to be free from deliberate indifference to serious medical needs." *Johnakin v. NYC Dep't of Corrs.*, 2013 WL 5519998, at *17. In order to state such a claim, Judge McAvoy noted that an inmate must allege exposure "to an unreasonably high concentration of air-borne asbestos particles." Dec. & Order at p. 8. Further, Judge McAvoy noted that "several courts have concluded that a plaintiff who fails to allege physical injury arising from the asbestos exposure has not stated a claim for money damages relating to that exposure." *Id.* at p. 9 (citing *Walker v. LaValley*, 2014 WL 4744735, at *18 (N.D.N.Y. Sept. 23, 2014); *Black v. Blackmun*, 2011 WL 6019394, at *5 (E.D.N.Y. Dec. 1, 2011)).

With respect to Plaintiffs' claims, Judge McAvoy stated the following:

> Here, Gomez and Gonzalez seek to recover monetary damages for their alleged exposure to friable asbestos on the grounds that they "now live in fear of contracting asbestos related cancers," have suffered "severe emotional trauma/emotional distress," and anticipate "future psychological expenses." Compl., ¶¶ 61, 81. The fact that they live in fear of contracting an asbestos-related disease is, by itself, insufficient.
>
> The Complaint is devoid of any factual allegation that either Plaintiff has developed an asbestos related physical injury or condition. Indeed, the Complaint lacks any allegation that Gonzalez suffered any physical effects from his alleged exposure to asbestos. Similarly, Gomez's allegation that at some time he experienced shortness of breath, wheezing, or headaches does not support an inference that he has developed a sufficiently serious asbestos-related injury within the meaning of Eighth Amendment jurisprudence. *See Walker*, 2014 U.S. Dist. LEXIS 133675, at *48 (plaintiff's unadorned allegation that he experienced shortness of breath insufficient to establish a physical injury for purposes of an Eighth Amendment asbestos exposure claim); *Black*, 2011 U.S. Dist. LEXIS 137881, at *14 (dismissing Eighth Amendment asbestos exposure claim where plaintiff did "not allege that he has developed any diseases or conditions relating to that exposure."). While Gomez argues that he was denied a chest x-ray while at Adirondack that *might* have shown the early stages of an asbestos-related disease, he has not alleged that actually suffers from such a condition. His speculation that he might have a serious condition is

> insufficient to sustain the Eighth Amendment claim he asserts. Because Plaintiffs
> may not recover damages for their alleged emotional trauma without a showing of
> physical injury, *see Johnakin*, 2013 U.S. Dist. LEXIS, at \*48-49, their conclusory
> allegations of asbestos exposure fail to state a plausible Eighth Amendment claim.

*Id.* at pp. 9-10.

Nonetheless, "[s]ince symptoms of asbestos-related illness may not become manifest until years after exposure," Judge McAvoy granted Plaintiffs' leave to re-plead their Eighth Amendment claims. *Id.* at p. 11 (quoting *Johnakin v. NYC Dep't of Corrs.*, 2013 U.S. Dist. LEXIS 144059, at \*50).

Upon review, it is clear to this Court that the Amended Complaint, like the original Complaint, does not plead any physical injury or condition caused by asbestos exposure. The Amended Complaint further develops Plaintiffs' allegations of their exposure to asbestos, but does not contain any new allegations as to injuries Plaintiffs suffered from such exposure. *See* Am. Compl. at ¶¶ 15-48 & 67-94. Indeed, Plaintiffs candidly admit that they do not have an asbestos related disease at this time. Am. Compl. at ¶ 112. Plaintiffs' claim is instead based on their increased risk of contracting an asbestos related disease, their fear of contracting an asbestos related disease, and their future medical expenses. As explained by Judge McAvoy, the "fear of contracting an asbestos-related disease is, by itself, insufficient." Dec. & Order at p. 9. The Amended Complaint also repeats the allegation that Plaintiff Gomez experienced "un-explained shortness of breath, wheezing and headaches." Am. Compl. at ¶ 49. However, Judge McAvoy already found that such physical symptoms did not suggest an asbestos-related injury. Dec. & Order at p. 9. Accordingly, because the Amended Complaint fails to allege an asbestos related injury or condition, the Court recommends that Plaintiffs' Eighth Amendment claims be **DISMISSED** from this action.

**B. First Amendment Claims**

Judge McAvoy found that Plaintiff Gomez had asserted plausible First Amendment retaliation claims against Defendants Perryman and Woodruff and granted Gomez leave to re-plead retaliation claims against the other Defendants. Dec. & Order at p. 18. The Court refers to Judge McAvoy's Decision and Order for the legal standard for a First Amendment retaliation claim. *Id.* at pp. 15-17. Judge McAvoy summarized the allegations relevant to Plaintiff Gomez's retaliation claims as follows:

> Gomez alleges that, in retaliation for his grievance and FOIL requests, Defendant Perryman: (1) caused Gomez to be moved from a four-man room with single bunks to a top bunk in the 1-East housing area where the bunk beds were over a "sagging floor" causing the beds to rock "tremendously" when climbing in and out from the top position, which Perryman knew would be difficult for Gomez because Gomez was receiving physical therapy for a right ankle fracture; (2) changed Gomez's program assignment to a lawns and grounds detail which required Gomez to move lockers and beds in an area where Gomez believed there was friable asbestos dust particles; (3) caused Gomez to undergo repeated urinalysis testing; and (4) caused Gomez to be denied a chair, ladder, or locker to assist him in climbing out of his top bunk bed, and which required him to remain standing all day so that he could comply with facility rules prohibiting inmates to lie in bed until after 5 PM. Plaintiff also asserts that Defendant Woodruff was involved with the order not to issue Gomez a chair, locker, or ladder.
> *Id.* at p. 17 (citations omitted).

Judge McAvoy found that these allegations were sufficient to plausibly state retaliation claims against Defendants Perryman and Woodruff. *Id.* at p. 18. This Court now reviews the Amended Complaint to determine whether it contains any basis for a retaliation claim against the other Defendants. First, the Court notes that the Amended Complaint contains additional allegations in support of Plaintiff Gomez's retaliation claims against Defendants Perryman and Woodruff. Specifically, Gomez alleges that Perryman and Woodruff retaliated against him by ordering him to be transferred continuously within the 1-E housing unit. Am. Compl. at ¶ 84.

The Amended Complaint also contains the new allegation that Defendants Perryman, Woodruff, and Tedford made "misrepresentations" that caused Gomez to be transferred to Franklin Correctional Facility in October 2014. *Id.* at ¶ 97. Gomez argues that Defendants made these misrepresentations in retaliation for his litigation activity at Adirondack, which included several grievances, administrative claims, a Court of Claims action, an Article 78 proceeding, and a federal civil rights action. *Id.* at ¶ 98. The Court finds that these allegations are insufficient to state a retaliation claim as to Defendant Tedford.

Gomez's allegations are sufficient to satisfy the first two prongs of a retaliation claim: (1) it is well-established that filing grievances and lawsuits against prison officials is protected activity, *see Baskerville v. Blot*, 224 F. Supp. 2d 723, 731 (S.D.N.Y. 2002), and (2) "prison authorities may not transfer an inmate in retaliation for the exercise of constitutionally protected rights," *Davis v. Kelly*, 160 F.3d 917, 920 (2d Cir. 1998).

As to the third prong, however, Gomez's general allegations of retaliation do not establish a plausible causal connection between his protected conduct and the alleged misrepresentations by Defendant Tedford that caused his transfer to Franklin. Among the relevant factors to the existence of a causal connection are: (1) temporal proximity between the protected activity and the alleged retaliatory act; (2) the prisoner's prior good disciplinary record; (3) the prisoner's vindication at his disciplinary hearing; and (4) the defendants' statements regarding their motive for the discipline. *See Colon v. Coughlin*, 58 F.3d 865, 872-73 (2d Cir. 1995). While Gomez engaged in numerous protected activities, his allegations lack any details that would establish a nexus between those protected activities and the adverse action he allegedly suffered. At most, Gomez's allegations could support an inference of temporal proximity between his protected activities and the adverse

action, since Gomez alleges that he filed grievances and lawsuits against Adirondack correctional staff, and he was only incarcerated at the facility from March until October 2014. *See Malik v. City of New York*, 2012 WL 3345317, at *14 (S.D.N.Y. Aug. 15, 2012) (concluding that although inmate did not specify when he filed grievance, he must have filed it within one week of the adverse action based on the date that he was transferred out of the facility); *see also Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (finding that passage of only six months between protected activity and adverse action was sufficient to support inference of causal connection). But even drawing that inference, as the Court must, there are no other allegations that would support a plausible inference of retaliation. Most significantly, there are no allegations that suggest that Defendant Tedford was aware of Gomez's grievances and lawsuits; Gomez does not allege the Tedford was named in any of those grievances or lawsuits. Further, while the Court must infer that there was some temporal proximity between Gomez's protected activities and his transfer to Franklin, the Court has no basis to infer that these events occurred in *close* proximity (i.e., within weeks). Thus, considering that the only basis for inferring that Tedford was motivated by Gomez's grievances and lawsuits is possible temporal proximity, the Court finds that the retaliation claim against Tedford is conclusory and should be dismissed.[2] *See Edwards v. Horn*, 2012 WL 760172, at *17-18 (S.D.N.Y. Mar. 8, 2012) (finding that the plaintiff's "reliance on temporal proximity does not make his claims plausible, as he fails to differentiate between his seemingly innumerable grievances or provide specific factual allegations, including but not limited to concrete dates, that might demonstrate any nexus between a specific grievance and a specific adverse action").

Having reviewed the Amended Complaint, the Court finds that it fails to state a retaliation

---

[2] The Court takes no position at this time as to whether Gomez's allegations of a retaliatory transfer state a separate retaliation claim against Defendants Perryman and Woodruff.

claim against any of the Defendants other than Perryman and Woodruff. Thus, to the extent that Gomez seeks to state a retaliation claim against any Defendants other than Perryman and Woodruff, the Court recommends that those claims be **DISMISSED**.

### C. Fourteenth Amendment Due Process/Equal Protection Claims

In their original Complaint, Plaintiffs stated a claim under the Fourteenth Amendment for deprivation of due process and/or equal protection. Compl. at ¶¶ 86-88. Judge McAvoy found that it was unclear whether Plaintiffs were attempting to allege due process or equal protection claims and therefore analyzed their claims under both provisions. Dec. & Order at p. 12. Judge McAvoy's analysis follows:

> The Complaint lacks any allegations plausibly suggesting that either Plaintiff possessed a cognizable liberty interest, or that Defendants deprived Plaintiffs of such without due process. Plaintiffs rely upon the unadorned legal conclusion that defendants denied them "equal protection of the Laws of the United States of America and the State of New York" without providing any factual allegations plausibly supporting a due process violation. The Complaint contains no factual allegation plausibly suggesting that either Gomez or Gonzalez was subject to any disciplinary proceeding placing a liberty interest at stake, much less that either Plaintiff was deprived of a liberty interest without due process. Further, the Complaint lacks any factual allegations plausibly suggesting that Plaintiffs were subjected to conduct or conditions "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."
>
> Moreover, the Complaint contains no allegations of intentional or purposeful discrimination by any defendant against either Plaintiff to plausibly suggest an equal protection claim. Indeed, there are no allegations of any disparity in treatment lacking a rational basis in legitimate penological interests.
>
> Plaintiffs' vague and conclusory assertions are insufficient as a matter of law to state a due process or equal protection claim. Accordingly, the due process and equal protection claims are dismissed.

*Id.* at pp. 14-15 (citations omitted).

The Amended Complaint clarifies that Plaintiffs seek to pursue a substantive due process claim under the Fourteenth Amendment. *See* Am. Compl. at ¶ 121. That claim is subject to

dismissal for the same reasons stated in Judge McAvoy's Decision and Order; namely, the Amended Complaint "lacks any factual allegations plausibly suggesting that Plaintiffs were subjected to conduct or conditions 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" Dec. & Order at p. 14 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). Plaintiffs' substantive due process claim is subject to dismissal for the additional reason that Plaintiffs' claims fall within the scope of the Eighth Amendment. The Supreme Court has held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be guide for analyzing those claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The basis of Plaintiffs' claims is that Defendants were deliberately indifferent in allowing Plaintiffs to be exposed to friable asbestos. "Such claims clearly fall within the scope of the Eighth Amendment and it would be improper to analyze them under the Fourteenth Amendment." *Thomas v. N.Y.S. Dep't of Corr. Servs., Div. of Corr. Indus.*, 2006 Wl 435718, at *4 (S.D.N.Y. Feb. 23, 2006) (holding that deliberate indifference claims based on exposure to toxic chemicals were properly stated under the Eighth Amendment, not the Fourteenth Amendment). Accordingly, the Court recommends that Plaintiffs' substantive due process claim be **DISMISSED**.

### D. Summary

The Court therefore recommends that Plaintiffs' Eighth Amendment, First Amendment retaliation claims against all Defendants other than Perryman and Wooduff, and Fourteenth Amendment claims be **dismissed** and that Amended Complaint (Dkt. No. 40) be accepted for filing solely as to Plaintiff Gomez's First Amendment retaliation claim against Defendants Perryman and

Woodruff.  Plaintiff Gonzalez and Defendants Tedford, Cotter, and Payton may be dismissed from this action.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiffs' Amended Complaint (Dkt. No. 40) be accepted for filing as to Plaintiff Gomez's First Amendment retaliation claims against Defendants Perryman and Woodruff and that all other claims be **DISMISSED**; and it is further

**RECOMMENDED**, that Plaintiff Gonzalez be **DISMISSED** as a Plaintiff in this action; and it is further

**RECOMMENDED**, that Defendants Tedford, Cotter, and Payton be **DISMISSED** as Defendants in this action; and it is further

**RECOMMENDED**, that the stay of Defendants' deadline to answer the Amended Complaint be lifted; and it is further

**ORDERED**, that Plaintiffs' Letter Motion (Dkt. No. 41) is **GRANTED** and the Clerk of Court shall attach the Exhibits to the original Complaint (Dkt. No. 1) to the Amended Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   September 20, 2016
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge